Mr. Justice Cox,
after stating the case, substantially as above, delivered the- opinion of the court.
If the sale made by the original trustees, Augustus Davis and Michael D. Callan, had been wholly unauthorized, the whole trust attaching to that property under the deed to them, would have followed it into the hands of persons receiving the property' with notice of it. It seems, however, that the complainants,” the holders of the notes, authorized the sale. That being the ease, all that they are entitled to, at the outside, is to have the benefit of that sale and to recover the proceeds of it. They have never received anything from it. The trustees do not seem to have collected the cash payment on that sale at all. They seem to have transferred the notes for the deferred payments, instead of applying them to the satisfaction of the debt.
The original purchaser at the sale was Charles T. Davis. Blackwood knew that the money was not paid, which is evidenced by his giving notes for the deferred payments. We think that the purchasers, both Blackwood and Davis, and the trustees, who ought to hhve collected this money, are personally responsible to to the complainants for the amount of that unpaid cash. The legal title was conveyed to Blackwood, and he executed the deed of trust to secure the deferred payments. If Blackwood had conveyed this property to Kendall without any notice of an unsatisfied trust, he would probably have taken the same discharged from any such trust, In point of fact he took the notes with the notice stamped upon them that they were trust property. They were endorsed by the trustees, and taken by him. The endorsement itself was notice that they held the notes as trustees, notice to him of the trust, and we are satisfied that he was under the obligation to see to the application of the purchase money paid by him for those notes. If he had paid the money to the right person, or he had seen to the application of the money to the debt held *337 by the complainants, he would be entitled to hold his mortgage or deed of trust to secure him in preference to everybody else.
As it is, we think that the property is to be treated in his hands as if the money never had been paid at all, and is to be charged with these deferred payments. But inasmuch as he had paid the money, it would be equivalent to taking the money from him, and if this sum be paid he would be entitled to come in afterwards for the amount of these notes.
We have, therefore, prepared simply the points or heads of a decree which the court has concluded to sign.
1st. That Wylie is to have credit on his indebtedness for the net proceeds of sale made by Augustus Davis and Michael Callan, and a personal decree against him for the deficiency.
2d. That a personal decree is to be rendered against Charles T. Davis, Eli S. Blackwood, and Augustus Davis and Michael Callan, trustees, for the balance of the cash payment, after deducting the expenses of the sale, taxes, &c.
3d. That the property is to be charged in favor of complainants with the amount of $599.60 with interest from the date of sale, and it is to be sold for the payment of that amount.
4th. If there is any surplus, the defendant, Kendall, is to be paid the amount of his claim, being the amount of notes purchased by him out. of that surplus.
5th. If there is surplus still remaining (which is not probable), it is to be applied to the payment of the complainants on account of their personal decree against them.